USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY DUBOIS,

                Petitioner,

    -against-

MICHAEL CAPRA,

               Respondent.

21-cv-10357 (MKV)

**ORDER ADOPTING REPORT
AND RECOMMENDATION
AND DENYING PETITON FOR A WRIT
OF HABEAS CORPUS**

MARY KAY VYSKOCIL, United States District Judge:

      Petitioner Gary Dubois ("Petitioner"), represented by counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1 ("Petition")]. Petitioner was sentenced in New York Supreme Court, New York County to an aggregate term of fifteen years' imprisonment following a jury verdict convicting him of one count of first-degree gang assault, one count of attempted first-degree assault, and one count of second-degree assault, in violation of N.Y. Penal Law §§ 120.07, 120.10(1), and 120.05(2), respectively. Petitioner claims that the State violated his due process rights by presenting false testimony and that Petitioner's trial counsel provided ineffective assistance by failing to adequately challenge that testimony.

      The Petition was referred to Magistrate Judge Katharine H. Parker, who issued a thorough Report and Recommendation recommending that the Court deny the Petition in its entirety. [ECF No. 18 ("R&R")]. Petitioner timely filed objections to portions of the Report and Recommendation. [ECF No. 21 ("Pet. Obj.")]. Respondent filed a response to Petitioner's objections. [ECF No. 22 ("Gov't Resp.")].

      For a recitation of the factual background and procedural history of the case as relevant to the Petition and this Order, the Court refers to the Report and Recommendation. *See* R&R at 1–10. For the reasons set forth below, the Court overrules Petitioner's objections, adopts Magistrate

Judge Parker's thorough and well-reasoned Report and Recommendation in its entirety, and DENIES the Petition.

## LEGAL STANDARD

### A. Standard of Review for Magistrate Judge Parker's R&R

When reviewing a report and recommendation, a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party timely files appropriate objections to a report and recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "If no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (internal quotation marks omitted).

Because Petitioner timely filed objections to the Report and Recommendation in this case, to which the state responded, *see* Pet. Obj., Gov't Resp., the Court reviews *de novo* the portions of the Report and Recommendation to which Petitioner objects and reviews the remainder for clear error.

### B. Standard of Review Under Section 2254

Title 28, United States Code, Section 2254 permits a state prisoner to petition a federal court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal court may grant relief only if the petitioner can demonstrate that he is in custody "because of a state court

2

decision which was either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Torres v. Green*, 290 F. Supp. 2d 396, 399 (S.D.N.Y. 2003) (quoting 28 U.S.C. § 2254(d)). A state court decision is "contrary to" clearly established Federal law when the court applies a rule that is "diametrically different, opposite in character or nature, or mutually opposed" to the governing law set forth in Supreme Court cases. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Factual determinations by a state court are "presumed to be correct," and the habeas petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

The Court assumes familiarity with the underlying facts and procedural history of this case, which is set forth in the Report and Recommendation. *See* R&R at 1–12. In short, Petitioner was convicted for his role in an incident in which Petitioner and his son, Timothy Ervin ("Ervin"), and Torry Clark ("Clark") assaulted and stabbed Robinson Sanchez ("Sanchez"). *See* R&R at 1–2. While in pretrial detention, Petitioner made several phone calls in which he made incriminating statements. R&R at 3. Before trial, Petitioner moved *in limine* to exclude the evidence of a text message he sent to Clark which stated, "Make sure you got something on you," (the "Make Sure" text). R&R at 3-4. Petitioner argued that the statement should be excluded on relevance grounds because the text message was time-stamped at 9:32 PM UTC (Coordinated Universal Time), which is 4:32 PM EST, three hours *after* the stabbing, which had occurred at approximately 1:00 PM. *Id*. The government responded that it would be introducing testimony concerning the correct time of the text message, and the state court denied the motion to exclude. R&R at 3-4. Petitioner

3

again raised the issue of the text message after jury selection and renewed his objection when the text message was offered into evidence at trial. R&R at 4. The state court admitted the evidence. R&R at 4.

At trial, the government called a T-Mobile custodian of records, who testified that the text was recorded as sent at 4:32 PM UTC, which is 12:32 PM EST—a half hour *before* the stabbing. R&R at 6. On cross-examination, defense counsel asked twice about whether the time on the text message record was recorded as sent at 4:32 PM UTC. R&R at 7; ECF No. 14-1 at 321 ("So that time is it already adjusted for the UTC? No, it's not. So it's an unadjusted time? Correct."). The T-Mobile custodian later stated to Petitioner's appellate counsel that he had been mistaken in his trial testimony, and that the 4:32 PM time had already been adjusted to EST, explaining that he had erroneously applied a T-Mobile time-zone protocol that had not been in effect when Petitioner's phone records were created. R&R at 8-9.

Petitioner filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law 440.10, arguing that his due process rights were violated by the admission of false evidence and that his trial counsel was ineffective because of counsel's failure to investigate the text message claims prior to trial, failure to preclude the false testimony, failure to adequately cross-examine the T-Mobile employee, a witness, and improper concession during summation that the text message testimony was correct. R&R at 8. The trial judge denied Petitioner's motion to vacate, *see* [ECF No. 1 at 19–35] and the Appellate Division, First Department, unanimously affirmed Petitioner's conviction and denied his 440.10 motion, *see People v. DuBois*, 182 A.D.3d 518, 519, 123 N.Y.S.3d 113 (2020); R&R at 10. The New York Court of Appeals denied Petitioner

leave to appeal. *DuBois*, 182 A.D.3d 518, 519, 123 N.Y.S.3d 113; R&R at 10. As such, Petitioner has exhausted his state court remedies. R&R at 13.

In his Petition for habeas relief, Petitioner argues that the government violated his due process rights by permitting the witness to testify mistakenly as to the timing of the text message. *Id*. Petitioner also argues that his trial counsel was ineffective in failing to have the text message precluded and failing to adequately cross-examine the witness about the timing of the text message. R&R at 10, 17-18.

In her Report and Recommendation, Magistrate Judge Parker concluded that both of Petitioner's arguments failed. The Court addresses each argument, including the conclusions of the Report and Recommendation and Petitioner's objections thereto, in turn.

**A.     Due Process Claim**

In his Petition, Petitioner asserts that the introduction of the T-Mobile employee's purportedly false testimony that the "Make Sure" text was sent before the subject incident violated his right to due process and the prosecutor's introduction of the testimony was reckless. Petition at 6; Memo at 52-55. In her Report and Recommendation, Magistrate Judge Parker correctly explains that there was no due process violation where "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." R&R at 13-14 (citing *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)). Magistrate Judge Parker listed several pieces of evidence that could lead a reasonable jury to find Petitioner guilty, specifically the testimony of the victim Sanchez, that Petitioner directed Ervin to stab Sanchez. R&R at 14-15.

Magistrate Judge Park further correctly explained, *see* R&R at 15-17, that Petitioner failed to establish a due process violation based on the reckless introduction of false evidence under the

5

standard established in *United States v. Agurs*. *See* 427 U.S. 97 (1976); *see also Drake v. Portuondo*, 553 F.3d 230, 244-45 (2d Cir. 2009); *United States v. Helmsley*, 985 F.2d 1202, 1205 (2d Cir. 1993)). In *Agurs*, the Supreme Court directed that a due process violation requires a showing that: (1) there was false testimony, (2) the Government knew or should have known that the testimony was false, and (3) there was a reasonable likelihood that the false testimony could have affected the judgment of the jury. *See* 427 U.S. at 103. Magistrate Judge Park found that, under the *Agurs* standard, "false testimony" is the same as perjury. R&R at 15 (citing *Bradley v. West*, 2005 WL 3276386, at *2 (E.D.N.Y. Dec. 2, 2005)). Magistrate Judge Parker finally concluded that the witness did not perjure himself by concluding that the "Make Sure" text was sent at 12:38 PM and found that Petitioner had not shown a reasonable likelihood that the false testimony could have affected the judgment of the jury. R&R at 15-17.

In his Objections, Petitioner argues that Magistrate Judge Parker should not have used the *Jackson* standard to assess the alleged due process violation and instead should have asked whether "the jury's verdict 'might' [have] be[en] altered" absent the purportedly false testimony. Objections at 22-23 (quoting *Drake*, 553 F.3d at 241). That is incorrect. The *Agurs* standard, which requires a "reasonable likelihood" that false testimony may have changed the verdict, applies specifically to cases involving false testimony. *Agurs*, 427 U.S. at 103. Whereas the *Jackson* standard is a general due process standard derived from the basic premise that "[due process] protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *See Jackson*, 443 U.S. at 315.

Magistrate Judge Parker correctly applied both standards independently and found that Petitioner failed on both counts. *See* R&R at 15 (applying the *Jackson* standard, finding "Sanchez's

testimony and the other evidence adduced at trial provides a strong independent basis to support the elements of the crimes charged and the ultimate conviction, especially when viewed 'in the light most favorable to the government.'") & 16 (Applying the *Agurs* standard, finding "Petitioner has not shown a reasonable likelihood that the false testimony could have affected the judgment of the jury in light of the overall evidence in the record."). Magistrate Judge Parker correctly applied both standards and found that there was no reasonable likelihood that the verdict would have been different, and any jury could have found Petitioner guilty beyond a reasonable doubt. *Id.* at 14-16. Magistrate Judge Parker correctly came to this conclusion based on the overwhelming evidence against Petitioner; Sanchez testified that while Petitioner beat him, Petitioner instructed Ervin to stab him; surveillance video placed Petitioner at the scene; phone calls and other evidence established Petitioner's motive to seek revenge for his daughters; Diaz testified that Petitioner participated in the beating, largely corroborating Sanchez's account; and Petitioner himself made incriminating statements while awaiting trial in prison.

Petitioner also argues that, absent the "Make Sure" text, there is a reasonable probability that the verdict may have been different because the remaining evidence demonstrating that he directed the stabbing came from a less than credible witness, Sanchez. Objections at 18-19 (citing R&R at 16).[1] But as Magistrate Judge Parker explained, a reasonable jury could have concluded that Sanchez was credible in describing the attack against him, despite his criminal history and his outburst upon being questioned about it. R&R at 14 (citing *Jamison v. Griffin*, 2016 WL 1698350, at *30 (S.D.N.Y. Apr. 27, 2016), *report and recommendation adopted*, 2016 WL 4030929

---

[1] Though Dubois lodges this complaint in his objection to Magistrate Judge Parker's finding that his trial counsel's actions did not prejudice him, these objections respond to and repeatedly cite Magistrate Judge Parker's analysis of whether there was a due process violation. *See* Objections 18-21 (repeatedly citing R&R 14-17). As the relevant analysis of whether the testimony changed the outcome of the trial is largely the same, the Court analyzes Dubois's objections regarding whether the evidence changed the outcome of the verdict here.

(S.D.N.Y. July 27, 2016) (quoting *United States v. Danzey*, 594 F.2d 905, 916 (2d Cir. 1979)) ("[T]he testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction."); *see also Frazier v. New York*, 187 F. Supp. 2d 102, 109 (S.D.N.Y. 2002), *aff'd*, 156 F. App'x 423 (2d Cir. 2005) (finding no due process violation where "[t]he State's case mainly rest[ed] on the eyewitness account of the victim[.]").

Petitioner also takes issue with Magistrate Judge Parker's finding that other evidence corroborated Sanchez's testimony, because no other evidence in the record corroborated Sanchez's statement that Petitioner instructed Ervin to stab Sanchez. Objections at 19. Magistrate Judge Parker was correct that the surveillance footage and Diaz's testimony both corroborate Sanchez's description of the attack, if not Petitioner's words, and thus buttress Sanchez's credibility and the case against Petitioner. R&R at 16.

Petitioner further objected to Magistrate Judge Parker's finding that the *Agurs* standard requires a showing of perjury, which Petitioner failed to show. Objections at 23-24 (citing R&R at 15-16). The case law regarding whether petitioners must show perjury may be unclear. *Compare Drake*, 553 F.3d at 242 ("The question of whether the witness's 'untruthfulness . . . constituted perjury' makes no 'material difference' where the issue is a conviction 'on tainted testimony.'") with *Bradley*, 2005 WL 3276386, at *2 ("[T]estimony must rise to the level of perjury to implicate Petitioner's due process rights under *Agurs*[.]"); *see also Agurs*, 427 U.S. at 103 ("A conviction must be set aside if 'the prosecution knew, or should have known, of the perjury,' and 'there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'"). The issue is not dispositive because Petitioner cannot succeed under *Agurs* since he failed to show that there was a reasonable likelihood that the false testimony could have affected the judgment of

8

the jury. Thus, the state courts reasonably rejected Petitioner's claim that his right to due process was violated.

**B.      Ineffective Assistance Claim**

Petitioner separately argues that he received ineffective assistance of counsel because his trial counsel failed to adequately challenge the "Make Sure" text evidence. *See* Petition at 8. The First Department held that the efforts of Petitioner's trial counsel to challenge the testimony at issue "were not deficient under either the state or federal standards." *DuBois*, 182 A.D.3d 518, 519, 123 N.Y.S.3d 113 (citing *People v. Benevento*, 91 NY2d 708, 713-714 (1998) and also citing *Strickland v. Washington*, 466 U.S. 668 (1984). In her Report and Recommendation, Magistrate Judge Parker correctly and thoroughly explained that, under the federal law standard, Petitioner's counsel was not ineffective for failing, in Petitioner's view, to sufficiently challenge the time of the "Make Sure" text message. *See* R&R at 17–21. In his Objections, Petitioner argues first that "[n]o fairminded jurist" could find that trial counsel's response to the text message evidence was objectively reasonable because he failed to preclude admission of the text and because he did not sufficiently cross-examine the witness who introduced the text. Objections at 16-18. Petitioner further argues that trial counsel's purported failures prejudiced him under the *Strickland* standard. *Id* at 18-22.

It is difficult for a state prisoner to obtain federal habeas relief based on an ineffective assistance claim. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011). The test for such relief, established in *Strickland v. Washington*, 466 U.S. 668 (1984), requires a showing that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 688,

9

694). In fact, Petitioner must show that trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). "Surmounting [this] high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). And "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* Thus, the Supreme Court has explained, "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id.* (internal quotation marks and citations omitted).

Petitioner cannot make the showing required by *Strickland*, let alone make a showing that the state courts acted unreasonably when they rejected his ineffective assistance claim. Indeed, his claim fails at the first step of the analysis: Petitioner cannot show that his trial counsel's performance was objectively deficient. Trial Counsel moved several times to preclude the text message on relevance grounds, based on the premise that the text was sent at 4:32 p.m., after the relevant incident. R&R at 19. Further, on cross-examination of the T-Mobile employee who testified to the time the text was sent, defense counsel asked twice about whether the time on the text message record was recorded as sent at 4:32 PM UTC. R&R at 7; ECF No. 14-1 at 321.

Petitioner argues that trial counsel should have contacted T-Mobile regarding the text to better support his arguments for excluding the evidence. Objections at 16-17. He believes that trial counsel should have questioned the T-Mobile employee further about the timing of the text, confronting the witness with the timestamp from the phone that received the subject text. *Id.* Petitioner believes it was unreasonable for trial counsel to concede in summation that the message was sent prior to the attack on Sanchez. Objections at 17-18; *see also* ECF No. 14-1 at 394. But the law is clear that "actions or omissions by counsel that 'might be considered sound trial strategy'

10

do not constitute ineffective assistance." U*nited States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) (quoting *Strickland*, 466 U.S. at 689); *see also Lavayen v. Duncan*, 311 F. App'x 468, 471 (2d Cir. 2009) ("The decision 'whether to engage in cross-examination, and if so to what extent and in what manner' is generally viewed as a strategic decision left to the sound discretion of trial counsel."). None of the decisions challenged by Petitioner amount to "errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." *See Harrington*, 562 U.S. at 104. In short, Petitioner has not shown that his trial counsel's decisions "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 694.

Petitioner's claim likewise fails at the second step of the *Strickland* analysis: he cannot show prejudice. The trial judge, the Appellate Division, First Department and Magistrate Judge Parker all reasonably determined that excluding the text messages would not have changed the outcome of Petitioner's trial, as described above, and neither would have further questioning of the T-Mobile witness as to the timing of the text. *See* ECF No. 1 at 16–17, 32-33, 35; R&R at 19-21. Thus, the state courts reasonably rejected Petitioner's ineffective assistance claim. Magistrate Judge Parker properly reached the same conclusion.

C.  **The Request for an Evidentiary Hearing Is Denied**

Petitioner does not object to the Report and Recommendation insofar as it declines to recommend an evidentiary hearing, beyond stating in his conclusion that "[a]t a minimum, this Court should hold an evidentiary hearing[.]" *See* R&R at 21; Objections at 25. Since Petitioner failed to timely object to the denial of an evidentiary hearing, this Court need only review this aspect of the Report and Recommendation for clear error. The Court finds none because Magistrate Judge Parker correctly found that even if the text message had been excluded, the

weight of the evidence presented at trial discussed above was sufficient to establish Petitioner's guilt beyond a reasonable doubt. *See* 28 U.S.C. § 2254(e)(2)(B) ("If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). Because there was no clear error in the Report and Recommendation, no evidentiary hearing is required.

## CONCLUSION

The Court has reviewed the objected-to portions of Magistrate Judge Parker's Report and Recommendation *de novo* and overrules Petitioner's objections. The Court has reviewed the remainder of the Report and Recommendation for clear error. Finding none, the Court ADOPTS the Report and Recommendation in full. The Petition is DENIED. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Petitioner may not proceed *in forma pauperis* for any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court respectfully is requested to close the case.

**SO ORDERED.**

Date: February 25, 2025　　　　　　　　　　　　　　　_____
　　　New York, NY　　　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**